# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEN-PROBE INCORPORATED, <br><br>    Plaintiff, <br>v. <br><br>BECTON, DICKINSON AND COMPANY, <br><br>    Defendant. <br><br>BECTON, DICKINSON AND COMPANY, <br><br>    Counterclaimant, <br>v. <br><br>GEN-PROBE INCORPORATED, <br><br>    Counterdefendant. | Civil No. 09cv2319 BEN (NLS) <br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** <br> (Fed. R. Civ. P. 16) <br> (Local Rule 16.1) <br> (Fed. R. Civ. P. 26) |

On January 27, 2010, the Court held an Early Neutral Evaluation Conference. The case did not settle. On February 26, 2010 the court held a Case Management Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure.

After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, the court **ORDERS**:

  1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **March 29, 2010**.

/ / /

2. **Disclosure of Asserted Claims and Preliminary Infringement Contentions.** On or before **March 12, 2010**, Plaintiff shall serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" must contain the following information:

   a. Each claim of each patent in the suit that is allegedly infringed by each opposing party;

   b. Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification must be as specific as possible. Each product, device and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

   c. A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

   d. Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

   e. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

   f. If a party claiming patent infringement asserts that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

3. **Document Production Accompanying Disclosure.** With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party, or make available for inspection and copying, the following documents in the possession, custody and/or control of that party:

       a.    Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit.  A party's production of a document as required herein does not constitute an admission that such document evidences or is prior art under 35 U.S.C. §102;

       b.    All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P.L.R. 3.1(e), whichever is earlier; and

       c.    A copy of the file history for each patent in suit and each application to which a claim for priority is made under P.L.R. 3.1(e).

The producing party must separately identify by production number which documents correspond to each category.

The party claiming patent infringement is required to use its best efforts to obtain the documents to make a timely disclosure if the documents identified above are not in the possession, custody and/or control of that party.

    4.    **Preliminary Invalidity Contentions.**  On or before **June 11, 2010**, Defendants shall serve on all parties its "Preliminary Invalidity Contentions" which must contain the following information:

       a.    The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious.  Each prior art patent must be identified by its number, country of origin, and date of issue.  Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher.  Prior art under 35 U.S.C. §102(b) must be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.  Prior art under 35 U.S.C. §102(f) must be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.  Prior art under 35 U.S.C.

§102(g) must be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

      b.     Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination and the motivation to combine such items, must be identified;

      c.     A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. §112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

      d.     Any grounds of invalidity based on indefiniteness under 35 U.S.C. §112(2) of any of the asserted claims;

      e.     Any grounds of invalidity based on lack of written description, lack of enabling disclosure, or failure to disclose the best mode under 35 U.S.C. §112(1).

     5.    **Document Production Accompanying Preliminary Invalidity Contentions.**  With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

      a.     Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of any Accused Instrumentality identified by the patent claimant in the "Disclosure of Asserted Claims and Preliminary Infringement Contentions;"

      b.     A copy of each item of prior art identified in the Preliminary Invalidity Contentions, which does not appear in the file history of the patent(s) at issue.  To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

     6.    **Exchange of Proposed Claim Constructions and Extrinsic Evidence.**

      a.     On or before **July 9, 2010**, the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties have identified for claim construction purposes.  Each such "Preliminary Claim Construction" will also for each element which any party contends is governed by 35 U.S.C. §112(6), identify the structure(s),

1  act(s), or material(s) corresponding to that element.

2        b.    At the same time the parties exchange their respective "Preliminary Claim
3  Constructions," they must also provide a preliminary identification of extrinsic evidence, including
4  without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of
5  percipient and expert witnesses they contend support their respective claim constructions.  The parties
6  must identify each such item of extrinsic evidence by production number or produce a copy of any such
7  item not previously produced.  With respect to any such witness, percipient or expert, the parties must
8  also provide a brief description of the substance of that witness' proposed testimony.

9        c.    On or before **August 9, 2010**, the parties shall simultaneously exchange
10  "Responsive Claim Constructions"identifying whether the responding party agrees with the other
11  party's proposed construction, or identify an alternate construction in the responding party's preliminary
12  construction, or set forth the responding party's alternate construction.

13        d.    At the same time the parties exchange their respective "Responsive Claim
14  Constructions," they must also provide a preliminary identification of extrinsic evidence, including
15  without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of
16  percipient and expert witnesses they contend support any responsive claim constructions.  The parties
17  must identify each such item of extrinsic evidence by production number or produce a copy of any such
18  item not previously produced.  With respect to any such witness, percipient or expert, the parties must
19  also provide a brief description of the substance of that witness' proposed testimony.

20        e.    The parties must thereafter meet and confer for the purposes of narrowing the
21  issues and finalizing preparation of a Joint Claim Construction Chart, Joint Claim Construction
22  Worksheet  and Joint Hearing Statement.

23      7.    **Joint Claim Construction Chart, Worksheet and Hearing Statement.**  On or before
24  **August 23, 2010**, the parties shall complete and file a Joint Claim Construction Chart, Joint Claim
25  Construction Worksheet and Joint Hearing Statement.

26        a.    The Joint Claim Construction Chart must have a column listing complete
27  language of disputed claims with the disputed terms in bold type and separate columns for each party's
28  proposed construction of each disputed term.  Each party's proposed construction of each disputed claim

term, phrase, or clause, must identify all references from the specification or prosecution history that support that construction and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

      b.     The parties Joint Claim Construction Worksheet must be in the format set forth in Appendix A and include any proposed constructions to which the parties agree, as well as those in dispute. The parties must jointly submit the Joint Claim Construction Worksheet on computer disk in both Word and Wordperfect format or in such other format as the court may direct.

      c.     The Joint Hearing Statement must include:

          1.     The anticipated length of time necessary for the Claim Construction Hearing; and

          2.     Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

      d.     At the Court's discretion, within 5 calendar days of the submission of the Joint Claim Construction Chart, Joint Claim Construction Worksheet and Joint Hearing Statement, the Court will hold a status conference with the parties, in person or by telephone, to discuss the schedule, witnesses and any other matters regarding the Claim Construction Hearing.

    8.    **Completion of Claim Construction Discovery.** The parties shall complete all discovery, including any depositions of any witnesses, including experts, the parties intend to use in the Claim Construction Hearing by **October 4, 2010**. Fed.R.Civ.P. 30 applies to depositions, except as to experts. An expert witness identified in a party's Joint Hearing Statement may be deposed on claim construction issues. The identification of said expert in the Joint Hearing Statement may be deemed good cause for a further deposition on all substantive issues.

///

///

9.     **Claim Construction Briefs.**

    a.     On or before **October 18, 2010**, the parties shall simultaneously file and serve opening briefs and any evidence supporting their claim construction.

    b.     On or before **November 1, 2010**, the parties shall simultaneously file and serve briefs responsive to the opposing party's opening brief and any evidence directly rebutting the supporting evidence contained in the opposing party's opening brief.

10.     **Claim Construction Hearing.**  On **November 30, 2010**, at **9:00 a.m.**, the **Honorable Roger T. Benitez** will conduct a Claim Construction Hearing, to the extent that parties or the court believe a hearing is necessary for construction of the claims at issue.

11.     **Final Contentions.**  Each party's "Preliminary Infringement Contentions" and "Preliminary Invalidity Contentions" will be deemed to be that party's final contentions, except as set forth below.

    a.     If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Final Infringement Contentions" without leave of court that amend its "Preliminary Infringement Contentions."

    b.     Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of court that amend its "Preliminary Invalidity Contentions" if:  i) a party claiming patent infringement has served "Final Infringement Contentions," or ii) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

12.     **Amendment to Contentions.**  Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted in the section above, may be made only by order of the court, which will be entered only upon a showing of good cause.

13.     **Opinion of Counsel.**  Not later than 30 days after filing of the Claim Construction Order, each party opposing a claim of patent infringement that will rely on an opinion must:

///

      a.    Produce or make available for inspection and copying the opinion(s) and any other documentation relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and

      b.    Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party opposing a claim of patent infringement who does not comply with this requirement will not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the court, which will be entered only upon showing of good cause.

14. On or before **January 31, 2011**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial. The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges for deposition and trial testimony. On or before **February 22, 2011**, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

15. Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than May 20, 2011**, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

**Please be advised that failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37 including a prohibition on the introduction of experts or other designated matters in evidence.**

16. Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before **June 17, 2011**.

17. All fact discovery shall be completed on or before **April 22, 2011**. All expert discovery

shall be completed on or before **July 15, 2011**.

*"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).

18. All motions, other than motions to amend or join parties, or motions in limine, shall be **FILED** on or before **July 29, 2011**.

Pursuant to Local Rule 7.1(f)(1), when filing a Motion for Summary Judgment and/or Adjudication, Defendants **shall** file, and serve on Plaintiff, a separate statement setting forth plainly and concisely all material facts which they contend are undisputed. Each of the material facts stated shall be followed by a reference to the supporting evidence. Further, Plaintiff **shall** file, and serve on Defendants, a separate statement that responds to each of the material facts contended by Defendants to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts that the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence.

19. A Mandatory Settlement Conference shall be conducted on **January 10, 2011 at 9:30 a.m.** in the chambers of Magistrate Judge Nita L. Stormes. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers no later than **January 5, 2010**. A second Mandatory Settlement Conference shall be conducted on **August 31, 2011 at 9:30 a.m.** in the chambers of Magistrate Judge Nita L. Stormes. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers no later than **August 24, 2011**. **All parties are ordered to read and to fully comply with the attached SETTLEMENT CONFERENCE PROCEDURES.**

20. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other

1  action required by Local Rule 16.1(f)(2) on or before **September 12, 2011**.

2        21.    Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil
3  Procedure 26(a)(3) on or before **September 12, 2011**.  Failure to comply with these disclosure
4  requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil
5  Procedure 37.

6        22.    Counsel shall meet and take the action required by Local Rule 16.1(f)(4) on or before
7  **September 19, 2011**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and
8  agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or
9  display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in
10 accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other
11 parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel shall cooperate in
12 the preparation of the proposed pretrial conference order.

13       23.    The Proposed Final Pretrial Conference Order, including objections to any other parties'
14 Federal Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the
15 Court on or before **September 26, 2011**, and shall be in the form prescribed in and in compliance with
16 Local Rule 16.1(f)(6).

17       24.    The final Pretrial Conference is scheduled on the calendar of Judge Roger T. Benitez on
18 **October 3, 2011 at 10:30 a.m.**

19       25.    A post trial settlement conference before a magistrate judge may be held within 30 days
20 of verdict in the case.

21       26.    The dates and times set forth herein will not be modified except for good cause shown.

22       27.    Dates and times for hearings on motions should be approved by the law clerk of the judge
23 who will hear the motion before notice of  hearing is served.  **Be advised that the parties must file**
24 **their moving papers within three (3) days of receiving the motion hearing date from the Court.  Be**
25 **further advised that the period of time between the date you request a motion date and the**
26 **hearing date may be up to six weeks.  Please plan accordingly**.

27 / / /

28 / / /

28. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge who will hear the motion.

DATED: March 1, 2010

*Nita L. Stormes*
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

**CHAMBERS OF MAGISTRATE JUDGE NITA L. STORMES**

**SETTLEMENT CONFERENCE PROCEDURES**

**ATTENDANCE:** All parties, adjusters for insured defendants, and other representatives of a party **having full and complete authority to enter into a binding settlement**, and the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss settlement of the case. Full authority to settle means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods*, Inc., 270 F.3d 590, 595-597 (8th Cir. 2001). Failure of any of the aforementioned to appear **in person** will result in the imposition of sanctions. Where settlement authority rests with a governing body, counsel shall propose special arrangements in advance for securing timely authority to settle.

**SETTLEMENT CONFERENCE BRIEFS**: All parties are required to lodge a **confidential** settlement brief prior to the Settlement Conference. Please refer to the Court's order for the date by which the brief is due. Settlement briefs should not exceed ten (10) pages in length, double spaced, exclusive of exhibits, if any. Copies of all documents that might enhance the productivity of negotiations (e.g., contracts, key correspondence or memos, reports of experts, photos, medical bills, wage loss statements, selected pages from deposition transcripts or responses to other discovery) should be attached as exhibits to the settlement briefs with significant portions highlighted for easy reference. Parties may also attach as exhibits helpful judicial opinions and information about the settlement or judgment value of comparable cases.

\* \* \* \*

**IN ADDITION TO THE ABOVE INFORMATION, EACH BRIEF SHALL SET FORTH AT A MINIMUM, THE FOLLOWING "REQUIRED" CONFIDENTIAL INFORMATION:**

\* \* \* \*

(1) A brief analysis of the key issues involved in the litigation;
(2) A description of the strongest and weakest legal and factual points in the party's case;
(3) A description of the strongest and weakest legal and factual points in the opponent's case;
(4) The status of any settlement negotiations, including the last settlement proposal made by each party; and
(5) The settlement proposal that the party is willing to make in order to conclude the matter and spare the further expense of litigation.

Parties should hand deliver, mail, or electronically mail [efile_stormes@casd.uscourts.gov] the **original only** of settlement briefs directly to chambers. FAX briefs will not be accepted. *Settlement briefs are confidential and shall not be served on opposing parties nor shall they be filed with the Clerk of the Court*.