LATHAM & WATKINS LLP
Stephen P. Swinton (Bar No. 106398)
steve.swinton@lw.com
Alexander E. Long (Bar No. 216634)
alex.long@lw.com
12636 High Bluff Drive, Suite 400
San Diego, CA 92130
Telephone:    (858) 523-5400
Facsimile:    (858) 523-5450

LATHAM & WATKINS LLP
Dean G. Dunlavey (Bar No. 115530)
dean.dunlavey@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone:    (714) 540-1235
Facsimile:    (714) 755-8290

Attorneys for Plaintiff
GEN-PROBE INCORPORATED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEN-PROBE INCORPORATED, <br><br> Plaintiff, <br><br> v. <br><br> BECTON, DICKINSON AND COMPANY, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. 09-CV-2319 BEN (NLS) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GEN-PROBE INCORPORATED'S MOTION TO STRIKE DEFENDANT'S "UNCLEAN HANDS" AFFIRMATIVE DEFENSE OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** <br><br> Date:    May 10, 2010 <br> Time:   10:30 a.m. <br> Ctrm:   3 <br> Judge:  Hon. Roger T. Benitez |

## I.  INTRODUCTION

This is a patent infringement case. In its October 19, 2009 Complaint, Plaintiff Gen-Probe Incorporated ("Gen-Probe") alleges that Defendant Becton, Dickinson and Company ("BD") infringes eight of Gen-Probe's patents directed to the field of nucleic acid diagnostics. (Dkt. No. 1.) BD filed its Answer on December 9, 2009. In its Answer, BD listed thirteen "affirmative defenses." The last of these is "unclean hands." That defense reads, in its entirety: "Some or all of Gen-Probe's claims for relief are barred by the doctrine of unclean hands." (Dkt. No. 12 at 7.) BD's Answer does not allege any facts relating to the unclean hands defense.

Pursuant to Rules 9(b) and 12(f) of the Federal Rules of Civil Procedure, a party must plead an unclean hands defense "with particularity." BD has not done so. Furthermore, BD's responses to Gen-Probe's discovery requests demonstrate that it does not have *any* factual basis for pursuing an unclean hands defense. Instead, BD simply listed the defense in its Answer as a "placeholder," hoping that future discovery might provide some basis for pursing the defense.

As BD has not pleaded any facts to support an unclean hands defense, and because its responses to Gen-Probe's discovery requests and follow-up communications establish that BD has no such facts, the Court should either strike the defense or grant Gen-Probe partial judgment on the pleadings as to this defense.

## II.  ARGUMENT

### A.  An Unclean Hands Defense Must Be Pleaded With Particularity

"Unclean hands" is an equitable doctrine that only arises where there has been some unconscionable action. "[C]courts of equity . . . apply the maxim requiring clean hands only where some unconscionable act of one coming for relief has *immediate and necessary relation to the equity that he seeks in respect of the matter in litigation*." *Consol. Aluminum Corp. v. Foseco Int'l, Ltd.*, 910 F.2d 804, 810 (Fed. Cir. 1990) (quoting *Keystone Driller Co. v.*

/ / /

/ / /

/ / /

1  *Gen. Excavator Co.*, 290 U.S. 240, 245 (1933)) (emphasis in original).[1]  BD has the burden of proving unclean hands by clear and convincing evidence.  *In re Omeprazole Patent Lit.*, 483 F.3d 1364, 1374 (Fed. Cir. 2007).

Very few Federal Circuit decisions recognize or discuss a patentee's alleged unclean hands.  Those that do focus on inequitable conduct during patent prosecution and whether the inequitable conduct in prosecuting one patent was so egregious as to render unenforceable other related patents.  *See Consol. Aluminum*, 910 F.2d at 809-12 (intentional fabrication of a fictitious best mode in one patent rendered unenforceable three other patents in which the earlier concealment "permeated the prosecution"); *Pharmacia Corp. v. Par Pharm., Inc.*, 417 F.3d 1369, 1374 (Fed. Cri. 2005) ("Par has not asserted . . . that the '504 patent is unenforceable under a general unclean hands theory; *i.e.*, that a broad pattern of inequitable conduct transfers inequitable conduct from one patent to another.").  Thus, at least as applied to patentees, the "unclean hands" doctrine focuses on egregious inequitable conduct during prosecution.[2]

The Federal Circuit has made it clear that inequitable conduct must be pleaded in accordance with Rule 9(b), Fed. R. Civ. P.[3]  *Exergen Corp. v. Wal-Mart Stores*, 575 F.3d 1312, 1327 (2009) ("[W]e hold that in pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO.").  *See also Central Admixture Pharmacy Servs. v. Advanced Cardiac Solutions*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) ("inequitable conduct, while a broader concept than fraud, must be pled with particularity") (quoting *Ferguson Beauregard/Logic Controls, Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003).

---

[1] "Unclean hands" is an equitable defense to claims of patent infringement recognized under the "unenforceability" prong of Section 282 of the Patent Act.  *See* 35 U.S.C. § 282(1); *J.P. Stevens & Co. v. Lex Tex, Ltd.*, 747 F.2d 1553, 1561 (Fed. Cir. 1984).  As such, Federal Circuit law governs the disposition of BD's unclean hands defense.

[2] Even outside the patent context, inequitable conduct is regarded as a necessary element of the "unclean hands" defense.  *See, e.g., Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1997) ("To prevail [on an unclean hands defense], the defendant must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims.  '[E]quity requires that those seeking its protection shall have acted fairly and without fraud or deceit *as to the controversy is issue.*'") (citations omitted).

[3] Rule 9(b) provides, in pertinent part:  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

In *Central Admixture*, the court upheld the district court's dismissal of the defendant's inequitable conduct defense. It found that allegations in an answer that a patentee had failed to disclose all of the relevant prior art known to it and had manipulated various measurements and units in order to mislead the PTO lacked the requisite particularity:

> It does not identify what relevant and undisclosed prior art was known to the patentee, what "measurements and units" were manipulated, or that that manipulation was meant to mislead the PTO. The pleading thus fails to provide the required particularity to give notice to the other party of the facts on which the defense is premised, and it was properly dismissed by the district court.

482 F.3d at 1356-57. *See also Multimedia Patent Trust v. Microsoft Corp.*, 525 F. Supp. 2d 1200, 1211 (S.D. Cal. 2007).[4]

Moreover, based upon the lack of notice provided by bare allegations of "unclean hands," district courts struck generalized unclean hands defenses in patent cases long before the Federal Circuit's *Central Admixture* and *Exergen* decisions. *See, e.g., Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-1050 (N.D. Cal. 2004) (striking affirmative defense of unclean hands where defendant alleged no facts in support thereof; "[a] reference to a doctrine, like a reference to statutory provisions, is insufficient notice"); *Intel Corp. v. Hyundai Elecs. Am. Inc.*, 692 F. Supp. 1113, 1117 (N.D. Cal. 1987) (striking unclean hands defense for failure to plead it with specificity); *Northern Eng'g & Plastics Corp. v. Blackhawk Molding Co.*, 205 U.S.P.Q. 609, 609-10 (N.D. Ill. 1979) (same).

This case law is further supported by recent Supreme Court decisions reiterating that pleadings must offer more than mere "labels and conclusions," or "a formulaic recitation of the elements" of a defense, or "'naked assertion[s]' devoid of 'further factual enhancement.'" *See*

---

[4] In *Multimedia Patent Trust*, Judge Huff noted:

> [T]he inequitable conduct affirmative defense falls within the strictures of Rule 9(b). *See Central Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007); Wright & Miller, [*Federal Practice and Procedure, Civil*] § 1297 n.28 [(3d ed. 2004)]. Therefore, an inequitable conduct defense to a patent infringement claim may be stricken pursuant to Rule 12(f) for failure to plead with particularity. *See Chiron Corp. v. Abbott Labs.*, 156 F.R.D. 219, 220-21 (N.D. Cal. 1994).

525 F. Supp. 2d at 1211.

1  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (second alteration in original)
2  (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966 (2007)).

      **B.**    **BD's Discovery Responses Establish That It Has No Facts To Plead In Support Of Its "Unclean Hands" Affirmative Defense**

Beyond BD's deficient pleading, BD's discovery responses demonstrate that it has no basis for raising an unclean hands defense, and that its counsel did not comply with Rule 11, Fed. R. Civ. P, before filing BD's Answer.

Rule 11(b) specifies that by signing or filing a pleading, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to . . . needlessly increase the cost of litigation; . . . [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .."

On January 6, 2010, Gen-Probe served its First Set of Interrogatories on BD. (Declaration of Alexander E. Long ("Long Decl."), ¶ 2.) Gen-Probe's Interrogatory No. 3 required BD to provide whatever facts it had to support an unclean hands defense:

> State with particularity all facts upon which You rely to assert in Your Thirteenth Affirmative Defense of Your Answer that "[s]ome or all of Gen-Probe's claims for relief are barred by the doctrine of unclean hands" and identify all documents that you contend Support this Affirmative Defense.

(*Id.*, Exh. A at 7.)

Two months later, on March 5, 2010, BD responded to this interrogatory by stonewalling. It served boilerplate objections but no facts or documents. (*Id.*)

On March 17, 2010, in an effort to get BD to explain the bases for its objections and refusal to answer Gen-Probe's Interrogatory No. 3, counsel for Gen-Probe wrote to counsel for BD and demanded that, if BD does not have any such facts, it must state as much. (*Id.* ¶ 3.) One week later, on March 23, 2010, counsel for BD replied, "[BD's] responses are proper. The information supporting [BD's] affirmative defense ***lies within the possession, custody, and***

1   *control of Gen-Probe.*  [BD] will supplement this response *after it has had an opportunity to*
2   *conduct necessary discovery*." (*Id.*, Exh. B at 2 (emphasis added).)

3   During a subsequent meet and confer, Gen-Probe's counsel informed BD that its position
4   was legally untenable. (*Id.* ¶ 4.) On April 1, 2010, BD reiterated its position that "BD will
5   supplement its answer to Interrogatory No. 3 upon receiving necessary discovery from
6   Gen-Probe." (*Id.* ¶ 5, Exh. C at 1.)

7   Through these actions, BD has conceded that it has no facts to support an "unclean
8   hands" defense. Yet, rather than dismiss that unsupported defense, BD is needlessly increasing
9   the cost of this lawsuit. This is precisely the type of misconduct that Rule 11 is intended to
10  prevent.

11  **C.     BD's Unclean Hands Defense Is Simply A Stratagem To Engage In An Impermissible Discovery Fishing Expedition**
12

13  BD's discovery responses and its attorneys' statements demonstrate that BD intends to
14  use its defective unclean hands defense as the justification to fish for facts necessary under
15  Rule 9(b). The law is clear, however, that defendants are not allowed to engage in a discovery
16  "fishing expedition" through the stratagem of pleading a generalized unclean hands defense.
17  Courts "insist on some specificity in pleading before allowing a potential massive factual
18  controversy to proceed." *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519,
19  528 n.17 (1983). *See also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District
20  courts need not condone the use of discovery to engage in 'fishing expeditions.'").

21  Numerous courts sitting in this Circuit have prevented litigants from using discovery to
22  conduct "fishing expeditions" where the litigants have asserted only "mere speculation." *E.g.*,
23  *Costella v. Clark*, 2009 WL 4730856, at *2 (N.D. Cal. 2009) ("[F]ederal discovery [does not
24  serve as a] fishing expedition to investigate mere speculation.") (alterations in original) (quoting
25  *Calderon v. District Court (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996)); *Camarillo v. City of
26  Maywood*, 2008 WL 4056994, at *4 (C.D. Cal. 2008) ("The Court will not permit a fishing
27  expedition based on boilerplate allegations."); *McColm v. Restoration Group, Inc.*, 2007 WL
28

1470106, at * 9 (E.D. Cal. 2007) ("[D]iscovery may not be used to conduct a fishing expedition in hopes that some fact supporting an allegation will be uncovered.") (citations omitted).

### D. The Court Should Strike BD's Unclean Hands Defense Under Rule 12(f)

Rule 12(f) permits a Court to strike any insufficient defense.[5] *Sidney-Vinstein v. A.H. Robins, Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The purpose of the rule is to avoid the waste of time, money, and resources that would result from the needless litigation of spurious issues. *Id.* Because the court may strike such matter *sua sponte*, a motion to strike an insufficient affirmative defense under Rule 12(f) may be properly brought at any time. *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991).

Because the unclean hands defense pleaded in BD's answer does not contain *any* factual allegations, much less the particularized factual allegations that are required under Rule 9(b), the Court should strike it under Rule 12(f).

### E. Alternatively, Gen-Probe Is Entitled To Partial Judgment On The Pleadings Under Rule 12(c)

Pursuant to Rule 12(c), any party may move for partial judgment on the pleadings so long as doing so does not delay trial. Fed. R. Civ. P. 12(c); *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005) (noting that it is "common practice to permit partial judgment on the pleadings") (citations and internal quotations omitted).

The standard for granting a motion under Rule 12(c) is the same as that for granting a motion under Rule 12(b)(6): The motion "shall be granted when it appears [on the face of the pleadings] that [the] moving party is entitled to judgment as a matter of law." *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003). In examining the pleadings, the Court is to take as true and construe in favor of BD all material factual allegations. *See Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). However, "the tenet that a court must accept as true all of the allegations contained in a [pleading] is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[5] Rule 12(f) provides in pertinent part: "The court may strike from a pleading an insufficient defense or any redundant immaterial, impertinent, or scandalous matter."

statements, do not suffice." *Iqbal*, ___ U.S. at ___, 129 S. Ct. at 1949. *See also Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' Factual allegations must be enough to raise a right to relief above the speculative level.") (internal citation omitted).

In the present case, BD makes **no** factual allegations as to its unclean hands defense. *See* Dkt. No. 12 at 7. Accordingly, there is nothing for the Court to consider as true and construe in BD's favor. Thus, Gen-Probe is entitled to partial judgment on the pleadings pursuant to Rule 12(c) as to the defense. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) ("Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.").

### III.  CONCLUSION

For the foregoing reasons, Gen-Probe respectfully requests that the Court grant its motion to strike BD's unclean hands defense or, in the alternative, grant Gen-Probe partial judgment on the pleadings as to that asserted defense.

Dated:    April 8, 2010                                LATHAM & WATKINS LLP


By:   s/ Alexander E. Long
        alex.long@lw.com

Attorneys for Plaintiff and Counterdefendant
GEN-PROBE INCORPORATED