LATHAM & WATKINS LLP
Stephen P. Swinton (Bar No. 106398)
steve.swinton@lw.com
Alexander E. Long (Bar No. 216634)
alex.long@lw.com
12636 High Bluff Drive, Suite 400
San Diego, CA 92130
Telephone:	(858) 523-5400
Facsimile:	(858) 523-5450

LATHAM & WATKINS LLP
Dean G. Dunlavey (Bar No. 115530)
dean.dunlavey@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone:	(714) 540-1235
Facsimile:	(714) 755-8290

Attorneys for Plaintiff
GEN-PROBE INCORPORATED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEN-PROBE INCORPORATED,<br><br>        Plaintiff,<br><br>    v.<br><br>BECTON, DICKINSON AND COMPANY,<br><br>        Defendant. | Case No. 09-CV-2319 BEN (NLS)<br><br>**DECLARATION OF ALEXANDER E. LONG IN SUPPORT OF GEN-PROBE INCORPORATED'S MOTION TO STRIKE DEFENDANT'S "UNCLEAN HANDS" AFFIRMATIVE DEFENSE OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Date:     May 10, 2010<br>Time:    10:30 a.m.<br>Ctrm:    3<br>Judge:   Hon. Roger T. Benitez |
| AND RELATED COUNTERCLAIMS | |

I, ALEXANDER E. LONG, declare as follows:

**1.**     I am an attorney with the law firm of Latham & Watkins LLP, and counsel of record for plaintiff Gen-Probe Incorporated ("Gen-Probe") in the above-captioned matter. I have personal knowledge of the information set forth below and, if called as a witness, could and would testify competently thereto.

**2.**     Gen-Probe's served its First Set of Interrogatories to Defendant Becton, Dickinson and Company ("BD") on January 6, 2010. BD served its responses on March 5, 2010. A true and correct copy of an excerpt from Defendant Becton, Dickinson and Company's ("BD") Responses to Plaintiff Gen-Probe's First Set of Interrogatories is attached hereto as Exhibit A.

**3.**     On March 17, 2010, I wrote to BD counsel Donald Ware, Esq., with regard to, *inter alia*, BD's deficient response to Gen-Probe Interrogatory No. 3 inquiring into the facts underlying BD's asserted unclean hands defense, and requested that if BD did not have any such facts, it should state as much. On March 23, 2010, BD counsel Brian Carroll responded to my letter, stating that the facts supporting that defense were in the control of Gen-Probe and BD needed discovery to identify them. A true and correct copy of Mr. Carroll's letter is attached hereto as Exhibit B.

**4.**     On March 31, 2010, Stephen Swinton and I participated in a meet-and-confer with BD counsel concerning, *inter alia*, BD's response to Gen-Probe's Interrogatory No. 3. We informed BD's counsel that BD's position – that BD would take discovery and then supplement its response to the interrogatory – was legally untenable.

**5.**     On April 1, 2010, I received an e-mail from BD counsel Brian Carroll following the March 31, 2010 meet-and-confer confirming that BD needed to conduct discovery before identifying any facts supporting its unclean hands defense. A true and correct copy of Mr. Carroll's e-mail is attached hereto as Exhibit C.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct, and that this declaration was executed on April 8, 2010 in San Diego, California.

                 s/ Alexander E. Long
                 alex.long@lw.com

CASE NO. 09-CV-2319 BEN (NLS)

1

# EXHIBIT A

Boris Zelkind (State Bar No. 214,014)
boris.zelkind@kmob.com
Erik T. Anderson (State Bar No. 216,457)
erik.anderson@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
550 West C Street, Suite 1200
San Diego, CA  92101
Phone: (619) 235-8550
Facsimile: (619) 235-0176

Donald R. Ware (admitted *pro hac vice*)
dware@foleyhoag.com
Barbara A. Fiacco (admitted *pro hac vice*)
bfiacco@foleyhoag.com
Brian C. Carroll (admitted *pro hac vice*)
bcarroll@foleyhoag.com
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
Phone:  (617) 832-100
Facsimile:  (617) 832-7000

Attorneys for Defendant/Counter-Claimant
BECTON, DICKINSON AND COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEN-PROBE INCORPORATED, a Delaware corporation,<br><br>    Plaintiff/Counter-Defendant,<br><br>    v.<br><br>BECTON, DICKINSON AND COMPANY, a New Jersey corporation,<br><br>    Defendant/Counter-Claimant. | Case No. 09cv2319 BEN (NLS)<br><br>**DEFENDANT BECTON, DICKINSON AND COMPANY'S RESPONSE TO PLAINTIFF GEN-PROBE INCORPORATED'S FIRST SET OF INTERROGATORIES** |

Ex. A p. 2

**Interrogatory No. 3**

State with particularity all facts upon which You rely to assert in Your Thirteenth Affirmative Defense of Your Answer that "[s]ome or all of Gen-Probe's claims for relief are barred by the doctrine of unclean hands" and identify all documents that You contend support this Affirmative Defense.

**Response**

BD objects to this interrogatory to the extent that it calls for a legal conclusion and/or seeks information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege. BD further objects to this interrogatory as premature because it seeks information exclusively within the possession, custody or control of Gen-Probe, which will be the subject of ongoing discovery. To the extent this Interrogatory seeks information concerning documents or other evidence that BD intends to present at trial in support of its affirmative defenses, BD responds that discovery is ongoing and it has not yet identified all such information. BD reserves the right to modify or supplement its response to this interrogatory after the close of all discovery. BD further objects to this interrogatory on the ground that it seeks expert discovery prior to the date for expert reports. BD further objects to this interrogatory as compound.

**Interrogatory No. 4**

State with particularity all facts surrounding Your first awareness of each Asserted Patent, including any patents or patent applications to which the Asserted Patents claim priority and for each such fact, identify the person or persons who learned about such facts, when such facts were learned, and from whom and/or from where such facts were learned.

**Response**

BD objects to this interrogatory to the extent that it calls for a legal conclusion and/or seeks information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege. BD further objects to this interrogatory as premature. To the extent this Interrogatory seeks information concerning documents or other evidence that BD intends to present at trial in support of its affirmative defenses, BD responds that discovery is ongoing and

# EXHIBIT B



Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600

617 832 1000 *main*
617 832 7000 *fax*

Brian C. Carroll
617 832 3053 *direct*
bcarroll@foleyhoag.com

March 23, 2010

**Via Email Only**

Alexander Long, Esq.
Latham & Watkins, LLP
12636 High Bluff Drive, Suite 400
San Diego, California 92130-2071

      Re:    *Gen-Probe, Inc. v. Becton, Dickinson and Company*, No. 09-cv-2319(BEN)

Dear Mr. Long:

      I am writing in response to your March 17, 2010 letter to Mr. Ware concerning Becton Dickinson and Company's ("BD") responses to discovery served by Gen-Probe Incorporated ("Gen-Probe"). The points below address each of your concerns.

      As an initial matter, we appreciate your prompt comments to BD's discovery responses. As noted in Barbara Fiacco's email of March 22, 2010, we believe it would be valuable to discuss your comments, and any other issues concerning the parties' collection of hard-copy documents, in connection with the parties' upcoming meet-and-confer on the issue of ESI production so as to head off potential disputes and eliminate duplication of effort to search for and collect documents. We suggested a meet-and-confer on **Wednesday, March 31, 2010**. Please let us know if you are available. In response to Mr. Swinton's email of March 22, 2010, we are not available for a meet-and-confer tomorrow and will not agree to postpone the ESI meet-and-confer until after BD collects and produces hard-copy documents.

      We further suggest that, in advance of the March 31, 2010 meet-and-confer, the parties exchange lists of proposed ESI search terms as called for in the Court's case management order.

**BD's Responses to Gen-Probe's First Set of Interrogatories**

      **Rule 33(d).** BD's responses pursuant to Rule 33(d) of the Federal Rules of Civil Procedure are appropriate and will be supplemented with proper identification of documents following BD's production of such documents. As you know, BD is unable to identify documents by production number or range prior to their production. In many cases,

Alexander E. Long, Esq.
March 23, 2010
Page 2

responsive documents will not be collected until after the parties' meet-and-confer concerning ESI.

**Interrogatory No. 1.** According to Gen-Probe's Preliminary Infringement Contentions, Gen-Probe is asserting that BD "directly and indirectly infringes [the Bleach Patent] when it uses or induces others to use bleach with . . . ProbeTec™ ET and FDA-approved companion assays . . . ." These products have been on the market for more than a decade. As you know, a presumption of prejudice arises where a party's delay in filing suit is longer than six years, which it was in this case. E.g., A.C. Aukerman Co. v. R. L. Chaides Constr. Co., 960 F.2d 1020, 1036 (Fed. Cir. 1992). Gen-Probe bears the burden to rebut that presumption. Moreover, your complaint is premature. BD's investigation of the specific facts is ongoing and BD will supplement its response as additional information becomes available.

**Interrogatory No. 3.** BD's objections are proper. The information supporting BD's affirmative defense lies within the possession, custody and control of Gen-Probe. BD will supplement this response after it has had an opportunity to conduct necessary discovery.

**Interrogatory No. 4.** BD's response provides the information requested by Gen-Probe: specifically the person or persons who first learned about the asserted patents and when such facts were learned. Gen-Probe's request for additional information concerning the source of BD's first information concerning the asserted patents is, as set forth in BD's objections, overbroad and irrelevant. For seven of the eight asserted patents, BD has identified in-house counsel as the person who first learned of the patents. The circumstances surrounding how they became aware are privileged and/or immune from discovery. In response to your request, we are continuing to investigate the circumstances of how Mr. Lentz first learned of the '612 patent. We will supplement the interrogatory if BD becomes aware of any additional non-privileged responsive information.

**Interrogatory No. 5**. BD objected properly to Gen-Probe's expansive definition of "BD Instruments," "BD Penetrable Cap Products," and "BD ProbeTec Assays," and limited its definition of such terms to those Instruments, Caps, and Assays identified in Gen-Probe's Complaint. Gen-Probe's Complaint is limited to allegations against BD's Viper XTR. If and when Gen-Probe is granted leave to amend its allegations, BD will consider its discovery responses in light of such amendments.

Further, in light of the relevance of the use of bleach in connection with the BD ProbeTec ET System, BD included in its responses information concerning such use more than six years prior to the filing of the Complaint in this action. See, e.g., BD's responses to document requests Nos. 11 and 14. We will supplement BD's response to identify the person most knowledgable concerning such use.

**Verification**. BD will provide an appropriate verification under separate cover.

Alexander E. Long, Esq.
March 23, 2010
Page 3

**BD's Responses to Gen-Probe's First Set of Document Requests**

**Gen-Probe's definition of "BD Instrument."** As explained above in connection with Interrogatory No. 5, Gen-Probe's expansive definition of "BD Instrument" is improper in light of the allegations of Gen-Probe's Complaint, which are limited to the BD Viper XTR. BD agreed to and did expand its responses to include materials concerning the use of bleach in connection with the BD ProbeTec ET System more than six years prior to the filing of the Complaint in this action. See, e.g., BD's responses to document requests Nos. 11 and 14. If and when Gen-Probe is granted leave to amend its allegations, BD will consider its discovery responses in light of such amendments.

Further, if you are willing to identify the categories of information Gen-Probe seeks concerning instruments not accused of infringement, rather than simply "all" information, BD is willing to consider a more narrow request. I expect that this is something we can discuss further at a meet-and-confer concerning the scope of the parties' search for ESI.

**Requests Nos. 12-13.** BD's objections reflect the fact that BD does not "prescribe" sodium hypochlorite for use in connection with any BD product, and that Gen-Probe's requests do not specify what types of documents it seek with these requests. Compare Requests Nos. 11 and 14. Further, Gen-Probe's Requests Nos. 11 and 14 seek materials concering the use of bleach in connection with BDs products. To the extent you believe requests 12 and 13 request additional materials not included within the scope of requests 11 and 14, please identify such materials and BD will consider the request.

**Request No. 15.** BD's objection reflects the fact that it is not aware of any work performed by KMC Systems, Inc. on a molecular diagnostic assay instrument. Should you identify with some reasonable specificity the documents you are seeking, BD will consider the more specific request.

**Request No. 20.** Gen-Probe has not identified any reason that it needs the contact name and phone number for every BD Viper XTR customer, anywhere in the world. BD will not provide such detailed information unless and until a legitimate basis is provided by Gen-Probe.

**Request No. 33.** Gen-Probe's request is overbroad in that it seeks license information concerning products and systems far beyond the technology field of molecular diagnostics. BD is willing to consider a reasonably narrowed request proposed by Gen-Probe.

**Request No. 36.** Gen-Probe's request fails to set forth with sufficient particularity the specific field of technology as to which Gen-Probe seeks license agreements. The phrase "relating to preventing contamination by nucleic acids" is not sufficiently particular. We are willing to consider alternative language proposed by Gen-Probe.

If you have any further concerns, please do not hesitate to contact me.

Alexander E. Long, Esq.
March 23, 2010
Page 4

                        Sincerely,

                        Brian C. Carroll

cc:    Barbara A. Fiacco, Esq.
        Donald R. Ware, Esq.
        Boris Zelkind, Esq.

# EXHIBIT C

| | |
|---|---|
| **From:** | Carroll, Brian |
| **To:** | Long, Alexander (SD); Swinton, Steve (SD) |
| **Cc:** | GenProbeBDLitigation; "Boris.Zelkind@kmob.com"; #SD_GEN-PROBE_BD |
| **Subject:** | Gen-Probe v. BD - Follow up to Discovery Meet and Confer |
| **Date:** | Thursday, April 01, 2010 10:25:40 AM |

Steve, Alex,

I followed up on the issues we discussed yesterday afternoon. This email summarizes the agreements we can reach concerning each of the points you raised yesterday:

**Interrogatory Nos. 1 and 3**. BD will agree to supplement its answer to Interrogatory No. 1 with facts concerning the prejudice resulting from Gen-Probe's delay on or before May 14, 2010.  ==BD will supplement its answer to Interrogatory No. 3 upon receiving necessary discovery from Gen-Probe.==

**Interrogatory No. 4**. BD will supplement its answer to Interrogatory No. 4 concerning its first knowledge of the '200 patent and the '612 patent on or before May 14, 2010. BD maintains its objection that the additional information sought concerning the remaining asserted patents is protected by the attorney-client privilege and as work product.

**Interrogatory No. 5.** BD will supplement its response to Interrogatory No. 5, to provide information concerning persons knowledgeable concerning the Viper AP and Viper ER systems, on or before May 14, 2010.

**Document Requests - definition of "BD Instrument."** BD agrees to provide responsive documents from the design history files for the Viper AP and Viper ER systems (in addition to the Viper XTR system), as well as the regulatory files for such systems.

**Document Request Nos. 12 and 13**. BD represents that it is not withholding any documents in response to these requests and that it will produce all responsive, non-privileged documents concerning BD's development and testing of the use of sodium hypochlorite with ProbeTec, Viper AP, Viper ER, or Viper XTR.

**Document Request No. 20**. BD will produce documents in the normal course of its production sufficient to identify the customers in the United States that possess Viper XTR systems (excluding the specific contact information requested). On or before May 14, 2010, BD will supplement its response to Interrogatory No. 6 to provide a list of the customers that possess Viper XTR systems (excluding the specific contact information requested).

**Document Request No. 33**. BD agrees to provide all license agreements concerning the Viper AP, and Viper ER systems (in addition to the Viper XTR system). Upon an initial check, we do not believe there are any license agreements unique to the ProbeTec ET system that are being withheld. To the extent we discover any, such agreements will be produced, or if withheld, we will bring the issue to your attention including the reasons for withholding them.

**Document Request No. 36**. BD agrees to produce all license agreements concerning the use of any chemical to inhibit the ability of nucleic acids to be amplified. At this time, we are not aware of any agreements that would be responsive. We are investigating and will produce any such agreements that can be located after a reasonable search.

With respect to the 30-day provision in the Court's scheduling order, Paragraph 17 of the order states that the 30 day clock runs from the date of the event "giving rise to" the dispute, which necessarily requires that a dispute has arisen: "All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred."

We suggest that the parties should join for a call to the Court this morning to ask for clarification on the issue.  It does not seem appropriate for you to expend effort drafting and filing motions with the Court concerning disputes that can be resolved between the parties.   We are available to join that call at any time convenient for you.

**Brian C Carroll** | **Associate**

**FOLEY HOAG LLP**
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

617 832 3053 phone
617 832 7000 fax

www.foleyhoag.com

 Please consider the environment before printing this email.

United States Treasury Regulations require us to disclose the following: Any tax advice included in this document and its attachments was not intended or written to be used, and it cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code.


This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Foley Hoag LLP immediately -- by replying to this message or by sending an email to postmaster@foleyhoag.com -- and destroy all copies of this message and any attachments without reading or disclosing their contents. Thank you.


For more information about Foley Hoag LLP, please visit us at www.foleyhoag.com.