# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEN-PROBE INCORPORATED,<br><br>    Plaintiff and Counter-defendant,<br><br>    v.<br><br>BECTON, DICKINSON AND COMPANY,<br><br>    Defendant and Counterclaimant. | Case No. 09-CV-2319 BEN (NLS)<br><br>**PROTECTIVE ORDER** |

1	The court enters the parties' proposed protective order submitted to chambers on May 5, 2010, with the addition of the Court's required language in paragraph no. 23.

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. Gen-Probe Incorporated ("Gen-Probe") and Becton, Dickinson and Company ("BD") (collectively, "the parties") have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties, and expected to be produced by third parties, may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1.  The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is designated by any party or third party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the terms of this Order.

2.  The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.   The term "outside counsel" will mean outside counsel of record, and other attorneys, non-attorney technical specialists, paralegals, secretaries, and other support staff employed in the law firms of counsel of record.  The term "outside counsel" shall not include any in-house attorneys or other legal personnel employed by the parties.

**GENERAL RULES**

4.   Each party to this litigation and any third party subpoenaed pursuant to Fed. R. Civ. P. 45 that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order ("producing party"), may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    A.   <u>Designation as "CONFIDENTIAL"</u>:  Any producing party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its outside counsel, the unrestricted disclosure of such information, which is non-public, could be potentially prejudicial to the business or operations of such party.

    B.   <u>Designation as "HIGHLY CONFIDENTIAL"</u>:  Any producing party may designate information as "HIGHLY CONFIDENTIAL" only if, in the good faith belief of such party and its outside counsel, disclosure of the information to another party is likely to cause competitive harm to the disclosing party, and embodies, contains or reflects:

        (a)   confidential commercial contracts and licenses with a third party, including documents relating thereto;

        (b)   highly sensitive plans for future marketing or future commercialization;

        (c)   highly sensitive financial or competitive information;

        (d)   trade secret information reflecting nucleic acid sequence or chemistry information, source code, or manufacturing procedures; or

       (e)    other trade secret or other confidential information that concerns any product design, research, development, testing, manufacturing or other product information.

    C.    Source code: To the extent that either party seeks to discover electronic source code during this proceeding, the parties shall attempt to reach a separate agreement concerning procedures for the secure handling and storage of such information. In the absence of an agreement, either party may seek further modification of this Order.

    5.    In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "HIGHLY CONFIDENTIAL" and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

    6.    Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any producing party:

    A.    the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation should be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings. A producing party will have until fourteen (14) days after receipt of a final certified copy of the deposition transcript to inform the other party or parties to the action of the portions of the transcript, identified by page and line number, to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    B.    the producing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed,

|   |   |   |
|---|---|---|
| 1 |   | any person other than the deponent, outside counsel (including their staff and |
| 2 |   | associates), the court reporter, videographer and the person(s) qualified under |
| 3 |   | Paragraphs 8 and 9 below; and |
| 4 | C. | the originals of the deposition transcripts and all copies of the deposition must |
| 5 |   | bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as |
| 6 |   | appropriate, and the original or any copy ultimately presented to a court for filing |
| 7 |   | must not be filed unless it can be accomplished under seal, identified as being |
| 8 |   | subject to this Order, and protected from being opened except by order of this |
| 9 |   | Court. |

7.   All Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.   Information designated "HIGHLY CONFIDENTIAL" may be viewed only by outside counsel (as defined in Paragraph 3 and subject to Paragraph 9 below) of the receiving party; the Court; independent stenographic reporters and videographers retained to record and transcribe testimony given in connection with this action; and any person indicated on the face of the information to be its originator, author, or a recipient of such information.  Information designated "HIGHLY CONFIDENTIAL" may also be viewed by independent experts under the conditions set forth further in this Paragraph; independent legal translators retained to translate in connection with this action; independent copying, scanning, technical support and electronic document processing services retained by outside counsel in connection with this action; graphics, translation, or design services retained by outside counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or otherwise in connection with this action; non-technical jury or trial consulting services retained by outside counsel in connection with this action; and mock jurors; provided, however, that any such individual has read this Order in

advance of disclosure, and has executed a copy of the form attached hereto as Attachment A. The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of the Court.  The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Attachment A, in advance of providing any Confidential Information of the producing party to the expert.  Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert.  Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made.  The approval of independent experts must not be unreasonably withheld.

9.   Any attorney or non-attorney technical specialist not previously disclosed to the other party in connection with the parties' Joint Motion for a Protective Order who works for outside counsel and engages in patent prosecution or materially assists in patent prosecution shall execute a declaration before being allowed access to any of the opposing party's information designated "HIGHLY CONFIDENTIAL."  The declaration shall give a brief background of the individual's general role and experience in patent prosecution, and shall detail whether that person is actively involved in, or materially assists others who are actively involved in, prosecuting patent applications that relate to the subject matter of the patents-in-suit or disclose as prior art the patents-in-suit. The individual's declaration shall be served on the opposing party before disclosing any "HIGHLY CONFIDENTIAL" information to that individual.  Any objection by the producing party to the declarant receiving "HIGHLY CONFIDENTIAL" information must be made in writing within ten (10) days following receipt of the declaration. "HIGHLY CONFIDENTIAL" information may be disclosed to the declarant if the ten (10) day period has passed and no objection has been made.  Approval under this paragraph shall not be unreasonably withheld.  The producing party that objects to a declarant shall move the Court for a ruling within seven (7) days of the objection.  The objecting party may seek imposition of a prosecution bar as to the declarant.

1          10.     BD's outside counsel Knobbe Martens Olson & Bear LLP ("Knobbe Martens") shall create an ethical wall precluding access to information designated "HIGHLY CONFIDENTIAL" by any person working on any patent prosecution for any patent applications of BD subsidiary, HandyLab, Inc.  If, upon further investigation by Knobbe Martens made in good faith, the patent applications that Knobbe Martens works on for BD subsidiary GeneOhm Technology are found to relate to the patents-in-suit, Knobbe Martens shall also implement an ethical wall precluding access to information designated "HIGHLY CONFIDENTIAL" by any person working on such related patent applications of GeneOhm Technology.

          11.     Information designated "CONFIDENTIAL" may be viewed only by outside counsel (as defined in Paragraph 3), other persons qualified pursuant to the terms of Paragraph 8, and up to five (5) employees of each party, including in-house counsel, solely as necessary to assist outside counsel in conducting this litigation and/or preparation for testimony at deposition or trial, provided each such individual has read this Order in advance of disclosure, and has executed a copy of the form attached hereto as Attachment A.

          12.     Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

          13.     At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information.  The party objecting to confidentiality must notify, in writing, outside counsel for the designating party of the objected-to materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection.  The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

          14.     All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action.  Outside counsel for each party,

1  and each person receiving Confidential Information must take reasonable precautions to prevent
2  the unauthorized or inadvertent disclosure of such information.  If Confidential Information is
3  disclosed to any person other than a person authorized by this Order, the party responsible for the
4  unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized
5  disclosure to the attention of the other parties and, without prejudice to any rights and remedies
6  of the other parties, make every effort to prevent further disclosure by the party and by the
7  person(s) receiving the unauthorized disclosure.

8      15.   No party will be responsible to another party for disclosure of Confidential
9  Information under this Order if the information in question is not labeled or otherwise identified
10 as such in accordance with this Order.

11     16.   If a party, through inadvertence, produces any Confidential Information without
12 labeling or marking or otherwise designating it as such in accordance with this Order, the
13 designating party may give written notice to the receiving party that the document or thing
14 produced is deemed Confidential Information, and that the document or thing produced should
15 be treated as such in accordance with that designation under this Order.  The receiving party
16 must treat the materials as confidential, once the designating party so notifies the receiving party.
17 If the receiving party has disclosed the materials before receiving the designation, the receiving
18 party must notify the designating party in writing of each such disclosure.  Outside counsel for
19 the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently
20 produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

21     17.   Inadvertent production or disclosure of documents or information subject to the
22 attorney-client privilege, work product doctrine or any other applicable privilege or protection
23 from disclosure shall not constitute a waiver of, nor a prejudice to, any claim that such or related
24 material is privileged or protected by the work product doctrine or any other applicable privilege
25 or protection from disclosure.  Such inadvertently produced documents or information, including
26 all copies thereof, shall be returned to the producing party immediately upon request, and any
27 and all electronic copies destroyed.  No use shall be made of such documents or information
28 including but not limited to during deposition, or at trial, nor shall such documents or

information be shown to anyone who has not already been given access to them subsequent to the request that they be returned; provided, however, that the receiving party may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact of the inadvertent production or the contents thereof. Upon inadvertent production of a privileged document, the party requesting the document be returned and destroyed, as provided for above, shall provide a privilege log to the other party listing the document and applicable information concerning the document including at a minimum the recipient, sender, author and brief description of the basis for the privilege. This privilege log shall provide a sufficient description of each document and/or information withheld and shall state the basis for withholding the document and/or information. The party receiving the request for return and destruction of the privileged document shall not wait for the privilege log before returning and destroying the privileged document requested.

18. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

19. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

20. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or on any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

22. Upon final termination of this action, including any and all appeals, counsel for each party must destroy all materials produced or disclosed by other parties as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Notwithstanding the foregoing, counsel

for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

23. The Court may modify this Order in the interests of justice or for public policy reasons.

IT IS SO ORDERED this ___6th___ day of _____May_____, 2010.

_____
Honorable Nita L. Stormes
U.S. Magistrate Judge
United States District Court

**ATTACHMENT A**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEN-PROBE INCORPORATED,<br><br>  Plaintiff and Counter-defendant,<br><br>  v.<br><br>BECTON, DICKINSON AND COMPANY,<br><br>  Defendant and Counterclaimant | Case No. 09-CV-2319 BEN (NLS)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read the Protective Order entered in GEN-PROBE INCORPORATED v. BECTON, DICKINSON AND COMPANY, Case No. 09-CV-2319 BEN (NLS), and have received a copy of the Protective Order.

3. I promise that I will use any and all "CONFIDENTIAL" or **"HIGHLY CONFIDENTIAL"** information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "CONFIDENTIAL" or **"HIGHLY CONFIDENTIAL"** information with anyone other than the persons described in accordance with Paragraphs 8, 9 and 11 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "CONFIDENTIAL" or **"HIGHLY CONFIDENTIAL"** information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____    By: _____