# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEN-PROBE INCORPORATED, a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>BECTON, DICKINSON AND COMPANY, a New Jersey corporation,<br><br>　　　　　　　Defendant.<br>_____<br>BECTON, DICKINSON AND COMPANY, a New Jersey corporation,<br><br>　　　　　　　Counterclaimant,<br>v.<br><br>GEN-PROBE INCORPORATED, a Delaware corporation,<br><br>　　　　　　　Counterdefendant.<br>_____ | Civil No. 09cv2319 BEN (NLS)<br>Civil No. 10cv0602 BEN (NLS)<br><br>**ORDER DETERMINING RENEWED JOINT MOTION FOR DISCOVERY DISPUTE No. 3, GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL**<br><br>[Doc. No. 71] |

　　　The parties filed a joint motion in this patent suit asking the court to determine two issues arising out of Defendant Becton-Dickinson's (BD) first set of interrogatories (ROGs) to plaintiff Gen-Probe Incorporated (Gen-Probe). BD seeks to compel further responses to ROGs 2 and 3. Gen-Probe has offered to provide more complete responses to those ROGs by January 1, 2011. Swinton Decl. ¶ 3. BD's counsel rejected the offer and to date, has not counter-proposed a date for response. *Id.*

/ / /

1    In ROG 2, BD asks Gen-Probe that if it contends the inventions claimed in the asserted patents achieved unexpected results, that Gen-Probe provide the factual basis of those contentions, identify the closest prior art to compare the inventions to, and identify all relevant documents and communications and the three most knowledgeable people (other than litigation counsel) about the foregoing.  In ROG 3, BD asks Gen-Probe to identify the secondary considerations on which it intends to rely in support of the non-obviousness of each asserted claim, and asks Gen-Probe to provide the factual basis of those contentions, and identify all relevant documents and communications and the three most knowledgeable people (other than litigation counsel) about the foregoing.

   Gen-Probe objects that ROGs 2 and 3 are contention ROGs and premature.  It argues that because its patent claims are presumed valid, and the burden of proving invalidity falls on BD, BD must first present a prima facie case for obviousness before obtaining this discovery.  Gen-Probe also argues that BD can depose the inventors before receiving the discovery, and says BD can ask them about any and all experiments they may have performed for the patents and whether any of those experiments led to any unexpected results.  Further, Gen-Probe argues that BD, and not Gen-Probe, should first identify the closest prior art outside the record of the patents' prosecution history, to which Gen-Probe might contend the claimed invention should be compared in assessing unexpected results.  Finally, Gen-Probe argues that the inventors of the automation patents worked for a separate company, RELA, and were never employees of Gen-Probe.  Gen-Probe says that BD is equally capable of reviewing the RELA documents that include the development work that led to the patent applications.

   BD replies that it needs this discovery now so that it can, among other reasons, have the documents before deposing the fifteen inventors.  It argues the proposed January 2011 production date is unreasonable because discovery has not been stayed or delayed with regard to any claims or defenses in this case.  BD argues that it need not first establish a prima facie case of obviousness just to get discovery on the topic.  Further, even if it did, it claims that its preliminary invalidity contentions detail single-reference obviousness contentions and numerous combinations of prior art that render the asserted claims obvious.  BD argues that Gen-Probe possesses or controls the information regarding any unexpected results, including the RELA documents, and that BD is entitled to that information now.

/ / /

## DISCUSSION

A patent is presumed valid, and a defendant in a patent case carries the burden of proving invalidity by clear and convincing evidence. *Innovative Scuba Concepts v. Feder Indus.*, 26 F.3d 1112, 1115 (Fed. Cir. 1994).   If the defendant establishes a prima facie case of invalidity, then the patentee has the burden to provide rebuttal evidence regarding validity. *Id*.  A defendant need not, however, establish a prima facie case of invalidity before obtaining any discovery on the matter:

> [Plaintiff] appears to confuse [Defendant's] ultimate burden to establish invalidity with [Defendant's] right to discover information necessary to discharge that burden. Sure enough, the ultimate burden to establish invalidity at summary judgment or trial remains with [Defendant], *see Innovative Scuba Concepts, Inc. v. Feder Indus., Inc.*, 26 F.3d 1112, 1115 (Fed. Cir. 1994), but [Defendant] does not have to establish a prima facie case of invalidity in order to obtain discovery on the '898 patent's priority date. Nowhere in the Federal Rules of Civil Procedure is it required that a party who carries the ultimate burden on an issue at trial must establish a prima facie case before it is entitled to discover information  the other party may use to rebut the prima facie case. Quite the opposite, the rules contemplate that a party receive this information up front, during discovery, so that when the time comes to discharge its burden it has the ammunition necessary to do so.

*McKesson Info. Solutions LLC v. Epic Sys. Corp.*, 242 F.R.D. 689, 692 (N.D. Ga. 2007).

Here, BD is entitled to the requested discovery in a timely manner.  First, BD has no obligation under the discovery rules to make a prima facie case for obviousness before obtaining discovery on the matter.  Gen-Probe's production of the discovery responses will not shift BD's burden of proof regarding obviousness at summary judgment or trial.  Second, regarding Gen-Probe's argument that this is a contention interrogatory, the court overrules that objection.  This case is no longer in the beginning stages of litigation.  The case was filed over 10 months ago and the scheduling order has been in place for over 6 months.  The parties have exchanged substantial documentary evidence.  Third, in the interest of economy, it will be more efficient for BD to depose the patent inventors after it has reviewed the discovery responses rather than conduct any repeat depositions or save all the depositions until closer to the end of the discovery period.

While this court is ordering Gen-Probe to produce the requested responses, in the further interest of economy for both parties, the court is requiring BD to first identify which of its 130 prior art references it will rely on regarding obviousness with respect to the information requested in ROGs 2 and

3.   Because BD has the ultimate burden at trial to prove the obviousness of the asserted patents in relation to the closest prior art, it is most efficient for BD to first identify those references so that Gen-Probe can respond to the discovery requests with respect to those references.  Gen-Probe shall include in its response any reference to the RELA documents, because Gen-Probe--having worked with RELA extensively--is in a better position than BD to identify the responsive information.

### **ORDER**

1.   BD shall, by **October 8, 2010**, identify to Gen-Probe which of its prior art references it will rely on regarding obviousness with respect to the information requested in ROGs 2 and 3.  BD may supplement or amend its identification of prior art references within 30 days of receiving Gen-Probe's discovery responses.

2.   Gen-Probe shall, by **November 8, 2010**, provide responses to BD's ROGs 2 and 3.  To the extent Gen-Probe discovers any additional information after that time, Gen-Probe shall supplement its response as that information becomes available.

**IT IS SO ORDERED.**

DATED:  September 7, 2010

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court