FILED

2010 NOV -1 AM 10: 10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEN-PROBE INCORPORATED,<br><br>                                Plaintiff,<br>vs.<br><br>BECTON DICKINSON AND COMPANY,<br><br>                                Defendant. | CASE NO. 09cv2319 BEN (NLS)<br><br>**ORDER DENYING MOTION TO STRIKE DEFENDANT'S "UNCLEAN HANDS" AFFIRMATIVE DEFENSE**<br><br>[Dkt. No. 38.] |

## INTRODUCTION

Plaintiff Gen-Probe Incorporated moves to strike Defendant Becton Dickinson and Company's affirmative defense for Unclean Hands. In the alternative, Gen-Probe moves for judgment on the pleadings as to this affirmative defense. Gen-Probe claims that the affirmative defense must be stricken because BD has not alleged particular facts in support of the defense. BD responds that it has provided Gen-Probe as much notice of its intent to pursue this defense as it can at this stage of the case. For the reasons outlined below, Gen-Probe's motion to strike or in the alternative for judgment on the pleadings is **DENIED**.

///
///

## BACKGROUND

Gen-Probe brought this patent infringement action against BD alleging BD infringed numerous Gen-Prode's patents in the field of nucleic acid diagnostics. BD answered Gen-Probe's complaint, asserted counterclaims, and, as required by Federal Rule of Civil Procedure 8(c), asserted its affirmative defenses. Gen-Probe moves to strike BD's final affirmative defense for unclean hands.

## DISCUSSION

Gen-Probe challenges the sufficiency of BD's affirmative defense for unclean hands. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). "Motions to strike a pleading are generally disfavored and 'should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Chaconas v. JP Morgan Chase Bank*, 713 F. Supp. 2d 1180, 1190 (S.D. Cal. 2010) (quoting *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005)); *see also Bd. of Trs. of San Diego Elec. Pension Trust v. Bigley Electric, Inc.*, No. 07cv634, 2007 WL 2070355, at *1 (S.D. Cal. July 12, 2007) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice.").

Whether to strike an affirmative defense is within the Court's discretion. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). Rule 8(c) requires that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." A defense is insufficient if it fails to give the plaintiff fair notice of the nature of the defense. *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam)).

///
///
///

Because BD has identified and affirmatively stated that it intends to assert an unclean hands defense, BD has met its pleading obligation under Rule 8(c). Additionally, the Court cannot say that the defense asserted has no possible bearing on the subject of the litigation or that it fails to give Gen-Probe fair notice of the nature of the defense asserted.

Accordingly, Gen-Probe's motion to strike is **DENIED**. Gen-Probe's alternative request for judgment on the pleadings is also **DENIED**. *See Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (finding judgment on the pleadings appropriate only when, accepting "all factual allegations of the complaint as true and constru[ing] them in the light most favorable to the non-moving party, . . . there is no issue of material fact in dispute and the moving party is entitled to judgment as a matter of law.")

## CONCLUSION

Gen-Probe's motion to strike or in the alternative for judgment on the pleadings is **DENIED**.

**IT IS SO ORDERED.**

DATED: 11/1/2010

Hon. Roger T. Benitez
United States District Court