**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEN-PROBE INCORPORATED, a Delaware corporation,<br><br>                    Plaintiff,<br>v.<br><br>BECTON, DICKINSON AND COMPANY, a New Jersey corporation,<br><br>                    Defendant.<br><br>BECTON, DICKINSON AND COMPANY, a New Jersey corporation,<br><br>                    Counterclaimant,<br>v.<br><br>GEN-PROBE INCORPORATED, a Delaware corporation,<br><br>                    Counterdefendant. | Civil No. 09cv2319 BEN (NLS)<br>Civil No. 10cv0602 BEN (NLS)<br><br>**ORDER DETERMINING JOINT MOTION FOR DISCOVERY DISPUTE No. 6, GRANTING PLAINTIFF'S MOTION TO COMPEL**<br><br>[Doc. No. 111] |

The parties filed a joint motion in this patent suit asking the court to determine a dispute arising out of defendant Becton-Dickinson's (BD) response to an interrogatory served by plaintiff Gen-Probe Incorporated (Gen-Probe). Gen-Probe asks BD to provide all last-known contact information for each of the 290 listed authors or inventors of the over 90 prior art references BD identified in its preliminary invalidity contentions. BD provided the contact information for seven of the inventors or authors who are or were affiliated with BD. Gen-Probe asks this court to compel BD to disclose the contact

information known to BD or to its outside counsel for the remaining prior art inventors and authors whose identities BD has already disclosed. Gen-Probe argues that the contact information is purely factual and non-privileged. BD argues that the contact information requested, to the extent it may exist, is in the possession of BD's outside counsel and is protected by the work product doctrine.[1]

For the following reasons, the court **GRANTS** Gen-Probe's motion to compel.

**Discussion.**

Two competing discovery rules come into play in this dispute: (1) the general discovery rule requiring disclosure of the identity and location of persons who have knowledge of any discoverable matter; and (2) work product protection of information prepared by outside counsel in anticipation of trial. The court finds that Rule 26(b)(1) determines this issue because the work product doctrine does not protect the strictly factual information that Gen-Probe requests.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including . . . the identity and location of persons who know of any discoverable matter." Fed. R. Civ. Proc. 26(b)(1). "[B]ecause the work product doctrine is intended only to guard against the divulging of attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or *facts contained within the work product*." *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003) (emphasis in original) (citations omitted). "Only when a party seeking discovery attempts to ascertain facts, '*which inherently reveal the attorney's mental impression*,' does the work product protection extend to the underlying facts." *Id.* (emphasis in original).

Here, Gen-Probe seeks only the last-known contact information for the 290 authors or inventors of the over 90 prior art references BD identified in its preliminary invalidity contentions. Gen-Probe does not seek any legal impressions regarding the authors or inventors or notes from witness interviews. It does not seek the contact information for just the authors or inventors that BD has interviewed or any other information that could bring the work product privilege into play. The documents requested solely involve the identifying and locating information related to all prior art authors or inventors who are

---

[1] Even though BD claims work product protection it did not provide Gen-Probe with a privilege log, as required by Federal Rule of Civil Procedure 26(b)(5)(A).

potential fact witnesses in this case. The fact that the responses to these factual inquiries are in the possession of BD's outside counsel does not shield them from discovery. *See Hickman v. Taylor*, 329 U.S. 495, 504 (1947) ("A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney"); *Phuong Doan v. Astrue*, 2009 U.S. Dist. LEXIS 93724, *8-*9 (S.D. Cal. 2009) (ordering plaintiffs to provide the factual bases for their claims even if that information was "only gleaned from [counsel's] personal conversations with individuals off the record"). The facts Gen-Probe requests do not inherently reveal the mental impressions of BD's litigation counsel.

**Order.**

The court **ORDERS** BD to respond to Gen-Probe's interrogatory no. 14 by **January 14, 2011**.

**IT IS SO ORDERED.**

DATED: January 3, 2011

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court