1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEN-PROBE INCORPORATED, a Delaware corporation,<br><br>       Plaintiff,<br>v.<br><br>BECTON, DICKINSON AND COMPANY, a New Jersey corporation,<br><br>       Defendant.<br>———————————————————<br>BECTON, DICKINSON AND COMPANY, a New Jersey corporation,<br><br>       Counterclaimant,<br>v.<br><br>GEN-PROBE INCORPORATED, a Delaware corporation,<br><br>       Counterdefendant.<br>——————————————————— | Civil No. 09cv2319 BEN (NLS)<br>Civil No. 10cv0602 BEN (NLS)<br><br>**ORDER DETERMINING JOINT MOTION FOR DISCOVERY DISPUTE No. 8, GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>[Doc. No. 134.] |

   The parties filed a joint motion in this patent suit asking the court to determine a dispute arising out of defendant Becton-Dickinson's (BD) response to an interrogatory served by plaintiff Gen-Probe Incorporated (Gen-Probe). This is the second joint motion for determination brought in regard to this single interrogatory. On December 22, 2010, the parties filed a Joint Motion for Determination of Discovery Dispute (Sixth Dispute). [Docket No. 111.] In that motion, Gen-Probe sought to require BD to supplement its response to Interrogatory Number 14, which asked:

> Please list all contact information (e.g., name, business/residential addresses, email addresses, and telephone numbers) last-known by You for each inventor or author named on any alleged prior art identified in Your Preliminary Invalidity Contentions.

(Interrogatory Number 14, Ware Decl. Ex 1.)  This interrogatory asked BD to provide all last-known contact information for each of the 290 listed authors or inventors of the over 90 prior art references BD identified in its preliminary invalidity contentions.  BD provided the contact information for seven of the inventors or authors who are or were affiliated with BD, but no other contact information.  Gen-Probe asked this court to compel BD to disclose the contact information known to BD or to its outside counsel for the remaining prior art inventors and authors whose identities BD already disclosed.

The Court agreed with Gen-Probe that the contact information was purely factual and non-privileged and ordered the information produced.  [Docket No. 112, the "Order."]  BD has now twice supplemented its response to Interrogatory Number 14 and has provided Gen-Probe, where available, a phone number, address, and email address for each potential witness.  [Ware Decl. ¶¶ 6, 11.]  Gen-Probe, however, is still not satisfied and has asked BD to supplement its disclosures with any additional contact information it either has or discovers during the course of this litigation.  BD argues that revealing contact information gained during its defense of this action would violate the work product immunity and seeks a protective order precluding such disclosures.  In the motion currently before the Court, Joint Motion for Determination of Discovery Dispute  (Eighth Dispute), BD seeks a Protective Order finding that its Second Supplemental Response to Interrogatory Number 14 is sufficient and that it has no duty to provide ongoing supplementation.

For the following reasons, the court **GRANTS** BD's motion for a protective order.

**Discussion.**

As the Court noted in the Order, two competing discovery rules come into play in this dispute: (1) the general discovery rule requiring disclosure of the identity and location of persons who have knowledge of any discoverable matter; and (2) work product protection of information prepared by outside counsel in anticipation of trial.  The court found that, at the early stages of the litigation, Rule 26(b)(1) determined this issue because the work product doctrine does not protect the strictly factual information that Gen-Probe requested at the time.  As the Order noted: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including . . . the

1   identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1).

2   As the Order also noted, the work product immunity precludes the discovery of the mental

3   processes of an attorney.[1]  The work product doctrine affords a qualified protection from discovery for

4   all trial preparation materials prepared "in anticipation of litigation." *Hickman v. Taylor*, 329 U.S. 495

5   (1947); Fed.R.Civ.P. 26(b)(3).  "[B]ecause the work product doctrine is intended only to guard against

6   the divulging of attorney's strategies and legal impressions, it does not protect facts concerning the

7   creation of work product or *facts contained within the work product*."  *Garcia v. City of El Centro*, 214

8   F.R.D. 587, 591 (S.D. Cal. 2003) (emphasis in original) (citations omitted).  "Only when a party seeking

9   discovery attempts to ascertain facts, '*which inherently reveal the attorney's  mental impression*,' does

10  the work product protection extend to the underlying facts." *Id.* (emphasis in original).

11  The  Order reasoned that Gen-Probe sought contact information for all 290 authors of the

12  asserted prior art and did not seek contact information for just the authors or inventors that BD had

13  interviewed.  At the time, the facts Gen-Probe requested did not inherently reveal the mental

14  impressions of BD's litigation counsel because it sought information about all potential witnesses.

15  In seeking supplementation throughout the litigation, however, Gen-Probe seeks, intentionally or

16  unintentionally,[2] information that invades the work product immunity.  As BD argues, if it is forced to

17  reveal new contact information, it will be forced to reveal the witnesses with whom it is in contact.

18  While the identity of potential witnesses is generally not protected, the identity of witnesses who have

19  been interviewed by one side is protected by the work product immunity.   As two courts  have aptly

20  stated:  "The Court is persuaded by the rationale underlying this distinction; that is, 'if the identity of

21  interviewed witnesses is disclosed, the opposing counsel can infer which witnesses counsel considers

22  important, revealing mental impressions and trial strategy.'" *Plumbers & Pipefitters Local 572 Pension*

23

24      [1]By its terms, Rule 26 only applies to "documents and tangible things."  Fed. R. Civ. P.
25  26(b)(3)(A).  Intangible work product remains protected under *Hickman v. Taylor* 329 U.S. 495 (1947).
    *See Laxalt v. McClatchy*, 116 F.R.D. 438 (D. Nev. 1987); *see also Ford v. Philips Electronics*
26  *Instruments Co.*, 82 F.R.D. 359 (E. D. Pa. 1979); Charles Alan Wright & Arthur R. Miller,  8 Federal
    Practice and Procedure. §§ 2023, 2024 (3rd ed.).

27      [2]The Court is not impressed with the parties' disparaging remarks made in reference to intentions
28  and ethics.  The Court makes no finding of fault and encourages the parties to keep their arguments on a
    more professional and courteous level.

1   *Fund v. Cisco Systems, Inc.*, 2005 WL 1459555 (N.D. Cal. Jun 21, 2005), *quoting  In re MTI Tech.*

2   *Corp. Sec. Litig. II.* 2002 WL 32344347 (C.D. Cal. June 13, 2002).  The supplementation that Gen-

3   Probe seeks would transform the information from the type where the identity of witnesses interviewed

4   is not disclosed into the type where such disclosure can be inferred.[3]  This is precisely the type of

5   information protected by the work product immunity.  *In re Ashworth, Inc. Securities Litigation*, 213

6   F.R.D. 385 (S.D. Cal. 2002)(work product protected information as to whether investigator had

7   interviewed a particular witness);  *see also Laxalt v. McClatchy*, 116 F.RD. 438, 443 (D. Nev. 1987);

8   *Ferruza v. MTI Technology*, 2002 WL 32344347 at *3 (C.D. Cal. Jun 13, 2002).

9        If the party invoking the protection establishes the applicability of the work product doctrine,

10   the qualified protection can be overcome by "a showing that the party seeking the discovery has

11   substantial need of the materials," and that "the party is unable, without undue hardship, to obtain the

12   substantial equivalent of the material by other means." Fed.R.Civ.P. 26(b)(3).

13        At this point, Gen-Probe has not shown either a substantial need for the information or any

14   undue hardship in discovering the information for itself.[4]  In fact, Gen-Probe has failed to identify even

15   a single witness that it has been unable to contact.  [Ware Decl. ¶ 8.]  As in *Ferruza*, "Defendants have

16   not shown that there is either a substantial need for the particular information sought, beyond reducing

17   their investigative costs by riding on Plaintiffs' coattails, or that they will face an undue hardship . . . "

18   *Ferruza*, 2002 WL 32344347 at *4.

19   _____

20        [3]Gen-Probe argues that BD improperly seeks reconsideration of the Order and should be
     sanctioned for this conduct.  The Order noted the two competing concerns at play:  the need to disclose

21   the location of witnesses under Rule 26 and the work product immunity.  The Order required BD to
     supplement its response and BD has supplemented its response.  BD sought a protective order because it

22   believed that its supplementation was sufficient and further supplementation would invade the
     protections of the work product immunity.  Accordingly, circumstances have changed and BD's request

23   for a protective order is supported by the record currently before the Court.  What is not supported by
     the record, however, is Gen-Probe's request for sanctions without first meeting and conferring with BD.

24   Civil Local Rule 26.1 states: "The court will entertain no motion pursuant to Rules 26-37, Fed. R. Civ.
     P., unless counsel have previously met an conferred concerning all disputed issues."  The same

25   requirement is set forth in the Scheduling Order [Docket No. 25] governing this case and the Chambers
     Rules. Accordingly, the Court will not entertain Gen-Probe's request for sanctions.

26        [4]Gen-Probe purports to incorporate into this motion the points and authorities it submitted for the

27   sixth discovery dispute.  The purpose of the Chambers Rule limiting points and authorities to 10 pages
     per side is to urge the parties to succinctly state their best arguments.  Because allowing incorporation of

28   other points and authorities would frustrate this purpose, the Court declines to consider any argument
     not made within the allotted ten pages of points and authorities submitted for this motion.

1    Rule 26(c) provides, in relevant part:

2    A party or any person from whom discovery is sought may move for a protective
     order . . . . The court may, for good cause, issue an order to protect a party or person from
3    annoyance, embarrassment, oppression, or undue burden or expense . . . .

4    Fed. R. Civ. P. 26(c)(1).  Because a continuing duty to supplement contact information would invade the

5    protections of the work product immunity, good cause exists for the Court to issue the Protective Order

6    sought by BD.[5]

7    The rest of the allegations and alleged disputes put forth in the joint motion do not warrant any

8    further attention from this court.

9    **Order.**

10   Good Cause Appearing, It Is Hereby Ordered  that: BD's Motion for Protective Order is **Granted**

11   and BD need not further supplement its responses to Gen-Probe's Interrogatory No. 14.

12   **IT IS SO ORDERED.**

13

14   DATED:  March 18, 2011

15

16   Hon. Nita L. Stormes
     U.S. Magistrate Judge
17   United States District Court

18

19

20

21

22

23

24

25

26   [5]If Gen-Probe cannot successfully contact one or more potential witnesses disclosed, it may seek
     additional contact information from BD as to that witness or those witnesses.  The Court fully expects
27   that the  parties will use their best efforts to attempt to resolve amongst themselves any disputes that
     may arise.  It would reflect poorly upon the parties, and likely result in sanctions, if this single
28   interrogatory were the subject of a third discovery motion.