

FILED

FEB 2 2 2012

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          DEPUTY

1
2
3
4
5
6
7 **UNITED STATES DISTRICT COURT**
8 **SOUTHERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| 10 GEN-PROBE INCORPORATED, | CASE NO. 09-cv-2319 – BEN (NLS) |
| 11 Plaintiff, vs. | **ORDER GRANTING IN PART MOTION TO REQUIRE GEN-** |
| 12 | **PROBE TO LIMIT THE NUMBER OF ASSERTED CLAIMS** |
| 13 BECTON DICKINSON AND COMPANY, | **[Doc. No. 193]** |
| 14 Defendant. | |

15

16        This is a patent infringement action.  Plaintiff Gen-Probe Incorporated ("Gen-Probe") alleges

17 that Defendant Becton Dickinson & Company ("BD") infringes two families of closely-related patents

18 that encompass and facilitate the use of fully automated, self-contained systems intended for detecting

19 the DNA or RNA nucleic acids of infectious organisms.  Presently before the Court is BD's motion

20 to require Gen-Probe to limit the number of asserted claims.

21        At issue are seven patents: five patents comprising the "Automation Patents" and two patents

22 comprising the "Penetrable Cap Patents."  The Automation Patents[1] describe an automated method

23 of nucleic acid-based testing, a method for detecting the presence of a particular pathogen in a sample.

24 Nucleic acid-based testing involves the creation of a complimentary nucleotide sequence that a target

25 pathogen will bind to through complementary base pairing.  The Penetrable Cap Patents[2] describe the

26 _____

27        [1] U.S. Patent Nos. 7,118,892 (the '892 Patent), 7,560,255 (the '255 Patent), 7,482,143 (the '143
Patent), 7,560,256 (the '256 Patent), and 7,542,652 (the '652 Patent).

28
         [2] U.S. Patent Nos. 6,893,612 (the '612 Patent) and 7,294,308 (the '308 Patent).

1    removable caps affixed by physicians onto sample tubes used to hold specimens collected from their

2    patients and sent to laboratories for testing on such automated instrument systems. The Penetrable Cap

3    Patents use a seal or seals on a collection vessel that are penetrated by a fluid transfer device.

4            Gen-Probe filed the initial complaint on October 19, 2009, and a First Amended Complaint

5    on April 22, 2011. The Court issued its Claim Construction Order on November 15, 2011, and an

6    Amended Claim Construction Order on November 22, 2011. On December 15, 2011, Gen-Probe

7    served its Final Infringement Contentions on BD. Pursuant to Magistrate Judge Stormes's order, BD

8    must serve its Final Invalidity Contentions on Gen-Probe twenty days after this Court rules on the

9    present motion to limit the number of asserted claims. A hearing on the motion was held on February

10   3, 2012. For the reasons set forth below, the Court **GRANTS IN PART** the motion to limit claims.

11                                        **DISCUSSION**

12   **I.      Parties' arguments**

13           Gen-Probe's Final Infringement Contentions assert 92 claims over six patents against BD. BD

14   argues that this vast number of claims creates an unnecessarily large burden on the court and the

15   parties, especially on BD who will be required to spend around $250,000 on its Final Infringement

16   Contentions. Moreover, BD argues that a case involving such a vast number of claims will be

17   particularly unmanageable, and might overwhelm the jury. Accordingly, consistent with the practice

18   of some other district courts, BD asks the Court to require Gen-Probe to limit the number of its

19   asserted claims to ten. Apart from allowing for a just and speedy resolution, BD argues that this would

20   also significantly narrow and focus expert discovery, and would streamline the issues for the jury. As

21   a practical effect, BD asserts that many of the claims over the six patents are virtually duplicative, and

22   therefore unnecessary for ultimate determination of BD's liability. Moreover, BD asserts that in light

23   of the Court's Claim Construction Order, Gen-Probe cannot in good faith maintain some of its claims.[3]

24           In its opposition, Gen-Probe does not challenge the Court's authority and discretion to limit

25   the number of claims for trial. Moreover, it indicates that it is not opposed to limiting the number of

26   claims at the appropriate time. Gen-Probe's main concern, however, is that BD is trying to gain a

27

28           [3] BD expressly notes, however, that it is not asking at this time that the Court enter summary
     judgment in its favor or otherwise rule on the merits as to those claims.

1    tactical advantage because BD has not yet served its Final Invalidity Contentions and has expressly

2    declined to affirm that it will not raise new invalidity and obviousness defenses.  Accordingly, Gen-

3    Probe asserts that to require it to limit its claims at this time, before the Final Invalidity Contentions

4    are served, would be premature and would deny it due process.  Gen-Probe also asserts that its claims

5    are not duplicative and still have merit, even considering the Court's Claim Construction Order.

6    Moreover, Gen-Probe objects to BD's attempt to have the Court rule on the merits of some of the

7    claims without a properly-supported summary judgment motion.

8            Ultimately, Gen-Probe asserts that it should be required to limit its claims only after the Final

9    Invalidity Contentions are served.  In the alternative, Gen-Probe suggests the Court require it to limit

10   its claims to sixty at this time, and further require it to limit the number to thirty after BD's Final

11   Invalidity Contentions are served.  If the Court accepts this suggestion, Gen-Probe also seeks an order

12   requiring BD to limit its Final Invalidity Contentions to no more than one anticipatory reference and

13   one obviousness combination consisting of three or fewer references per asserted claim.

14           In its reply, BD asserts there is no support for Gen-Probe's proposed two-step "final" exchange

15   of Final Infringement Contentions and Final Invalidity Contentions.  Moreover, BD objects to Gen-

16   Probe's request that it limit its anticipatory references and obviousness combinations, arguing instead

17   that this should be done at a later time by an appropriate motion.

18   **II.    Analysis**

19           The Federal Circuit has held that requiring a plaintiff patentee to limit its claims to a certain

20   number from a large number of asserted claims is permissible as long as the district court leaves open

21   the door for the assertion of additional claims upon a showing of good cause or need.  *See In re Katz*

22   *Interactive Call Processing Litig.*, 639 F.3d 1303, 1310-12 (Fed. Cir. 2011) (concluding that the

23   district court did not abuse its discretion in limiting a plaintiff patentee to sixty-four claims from 1,975

24   asserted claims); *see also Stamps.com Inc. v. Endicia, Inc.*, 437 Fed. App'x 897, 902-03 (Fed. Cir.

25   2011) (concluding that the district court did not abuse its discretion in refusing to allow additional

26   claims, having previously required plaintiff to limit its asserted claims from 629 to fifteen).  As the

27   Federal Circuit explained: "When the claimant is in the best position to narrow the dispute, allocating

28   the production burden to the claimant will benefit the decision-making process and therefore will not

1  offend due process unless the burden allocation unfairly prejudices the claimant's opportunity to

2  present its claim." *In re Katz*, 639 F.3d at 1311.

3       An order limiting the number of claims could come prematurely. *See id.* at 1313 n.9 ("It is also

4  conceivable that a claim selection order could come too early in the discovery process, denying the

5  plaintiff the opportunity to determine whether particular claims might raise separate issues of

6  infringement or invalidity in light of the defendants' accused products and proposed defenses."). In

7  this case, the Court is satisfied that the posture of the case and the vast number of claims asserted in

8  Gen-Probe's Final Infringement Contentions support requiring Gen-Probe to limit the number of its

9  claims at this time. Nonetheless, the Court is not persuaded by BD's arbitrary choice of ten claims,

10  especially when Gen-Probe still has not had the opportunity to consider BD's Final Invalidity

11  Contentions. Accordingly, adopting in part Gen-Probe's alternative recommendation, the Court

12  believes that requiring Gen-Probe to limit its claims to thirty is appropriate at this time.

13       The Court is mindful that requiring Gen-Probe to conclusively limit the number of its asserted

14  claims at this time could potentially result in its inability to assert some viable and non-duplicative

15  claims at trial. Accordingly, to address any due process concerns, the Court will allow Gen-Probe to

16  substitute or supplement its chosen claims after BD serves its Final Invalidity Contentions. However,

17  as the Federal Circuit noted, because "due process is not merely a theoretical concern, the plaintiff

18  must be able to show that it has lost some tangible right." *Id.* at 1312. Thus, if after the Final

19  Invalidity Contentions are served, Gen-Probe wishes to substitute or supplement its claims, it would

20  be required to identify those unasserted claims that, in its view, "raise separate legal issues from those

21  raised by the asserted claims." *See id.* Gen-Probe can satisfy its burden by showing that those

22  unselected claims present unique issues as to liability or damages. *See id.*

23       Finally, addressing Gen-Probe's request that the Court require BD to limit the number of its

24  asserted anticipatory references and obviousness combinations in the Final Invalidity Contentions, the

25  Court believes such an order would be premature at this time. Rather, after the Final Invalidity

26  Contentions are served, if Gen-Probe believes that the number of BD's anticipatory references or

27  obviousness combinations is unduly large or burdensome, then Gen-Probe could move the Court by

28  an appropriate motion to require BD to limit the number of its asserted defenses.

## CONCLUSION

BD's motion to limit the number of Gen-Probe's asserted claims is **GRANTED IN PART**. Within **21 days** of the filing of this Order, Gen-Probe shall reduce its infringement contentions to **no more than thirty (30) claims**. Within **20 days** of Gen-Probe's service of its reduced number of claims, BD shall serve its Final Invalidity Contentions. This Order is without prejudice to Gen-Probe requesting, by an appropriate motion, to substitute or supplement its asserted claims upon a showing of good cause or need. This Order is also without prejudice to Gen-Probe bringing at a later time a motion requesting that the Court order BD to limit the number of its asserted defenses.

**IT IS SO ORDERED.**

Date:   February _21_, 2012

Honorable Roger T. Benitez
United States District Judge

09cv2319