FILED

12 OCT 30 PM 3:40

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ⟨signature⟩  DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEN-PROBE INCORPORATED,<br><br>Plaintiff,<br><br>vs.<br><br>BECTON, DICKINSON AND COMPANY,<br><br>Defendant. | CASE NO. 09-CV-2319 BEN (NLS)<br>10-CV-0602 BEN (NLS)<br><br>**ORDER DENYING GEN-PROBE'S MOTIONS TO STRIKE AND DISMISS BECTON DICKINSON'S FIRST AMENDED ANSWERS AND COUNTERCLAIMS**<br><br>[ECF No. 482] |

## INTRODUCTION

On August 23, 2012, Defendant Becton Dickinson and Company ("BD") filed its First Amended Answer and Counterclaims ("Countercl.") in its patent dispute with Plaintiff Gen-Probe Incorporated. ECF Nos. 460, 461.[1] Gen-Probe now moves to dismiss and strike BD's counterclaims and affirmative defenses related to inequitable conduct. ECF No. 482. The Court heard oral argument on October 15, 2012. The thrust of Gen-Probe's motion is that BD failed to allege inequitable conduct with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. The Court

---

[1] BD filed an Amended Answer and Counterclaims in this case as well as in the consolidated case, Case No. 10-cv-0602. The filings are substantively similar. Gen-Probe moves to dismiss count eight of BD's Amended Counterclaim in Case No. 09-cv-2319 and count five in Case No. 10-cv-0602. Gen-Probe also moves to strike BD's thirteenth affirmative defense in Case No. 09-cv-2319 and its tenth affirmative defense in Case No. 10-cv-0602. Page references in this order refer to BD's filing in Case No. 09-cv-2319.

disagrees. For the reasons stated below, Gen-Probe's motion is **DENIED**.

## BACKGROUND

Gen-Probe brought a patent infringement action alleging that BD infringes its "Automation" and "Cap" patents. The Automation Patents describe an automated method for nucleic acid-based testing. Gen-Probe accuses BD of infringing on its patents through the use and sale of the VIPER XTR and BD Max, BD's automated testing instruments. On September 28, 2012, the Court resolved several pending motions. ECF No. 491. Among other things, the Court granted partial summary judgment for Gen-Probe of direct literal infringement of sixteen Automation Patent claims.

In its First Amended Answers and Counterclaims, BD asserts that the Automation Patents are unenforceable due to Gen-Probe's inequitable conduct during prosecution. Countercl. ¶ 16. BD alleges that Mr. Mark Toukan, a contractor, contributed to the methods claimed in those patents, in part, by designing a luminometer module. *Id.* ¶¶ 21-47, 66. It alleges that Gen-Probe's attorneys learned of Mr. Toukan's contributions, and after failing to acquire his ownership rights, intentionally hid his contributions from the United States Patent & Trademark Office ("PTO"). *Id.* ¶¶ 87-89, 137, 153, 169, 185, 201. BD also contends that Gen-Probe engaged in inequitable conduct by misrepresenting in various "terminal disclaimers" that it was the sole owner of the patents to overcome non-final PTO rejections on the ground obviousness-type double patenting. *Id.* ¶¶ 136, 151-52, 167-68, 199-200, 211. BD asserts that the PTO would never have issued the patents had Gen-Probe submitted accurate information regarding inventorship and ownership. *Id.* ¶¶ 138-39, 154-55, 170-71. Although BD names two of Gen-Probe's attorneys in its filing, it directs some accusations to simply "Gen-Probe" and "Gen-Probe and its attorneys."

## DISCUSSION

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (citation and quotation marks omitted). Dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer

possibility that a defendant has acted unlawfully"). Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The inequitable conduct defense to patent infringement has two elements: "(1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with the specific intent to deceive the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009). The defense must be pled with particularity under Rule 9(b). *Id.* at 1326. That means a pleading must identify "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1328. In addition, it must include "sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1328-29.

Materiality in this context typically means "but for" materiality, although the Federal Circuit has carved out an exception for "affirmative egregious misconduct," such as the filing of an "unmistakably false affidavit." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1291-92 (Fed. Cir. 2011). Under the "but for" standard, "[m]ere claims that the PTO would not have granted the patent had it known of the omission or misrepresentation are insufficient." *Human Genome Scis., Inc. v. Genentech, Inc.*, Case No. 11-cv-6519, 2011 U.S. Dist. LEXIS 153834, at *13 (C.D. Cal. Dec. 9, 2011). "Instead, the accused infringer must identify some fact that would make it plausible that the PTO would not have granted the patent but-for the misrepresentation." *Id.*

Gen-Probe argues that BD's pleading falls short in two respects: (1) it fails to specifically identify *who* engaged in the inequitable conduct, and (2) it fails to adequately plead that any omissions or misstatements were material. With respect to the "who" requirement, Gen-Probe asserts that allegations against entities such as "Gen-Probe" and "Gen-Probe and its attorneys," rather than specific people, lack the requisite particularity. The Court accepts BD's representation at the October 15, 2012 hearing that all of its allegations are directed at the two attorneys named in the pleading and that additional references to "Gen-Probe" are mere shorthand for those individuals. Subject to that

limitation, BD's pleading is sufficient.

BD has adequately pled "materiality" as well. In *Therasense*, the Federal Circuit held that "[w]hen an applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed the claim had it been aware of the undisclosed prior art." 649 F.3d at 1291. BD has alleged inequitable conduct of a slightly different sort, one in which there is less ambiguity about the omission's effect on patent issuance. Ultimately, non-disclosure of a reference may have no effect on an examiner's decision whether to allow a claim, but "[e]xaminers are *required* to reject applications under 35 U.S.C. § 102(f) on the basis of improper inventorship," *PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1321 (Fed. Cir. 2000) (emphasis added). Given this statutory constraint and BD's factual allegations of Mr. Toukan's contributions, it is plausible that the PTO would not have granted the patents absent Gen-Probe's misrepresentations. That is because inventorship is "a critical requirement for obtaining a patent." *Id.* at 1321; *TecSec, Inc. v. Int'l Bus. Mach. Grp.*, 763 F. Supp. 2d 800, 811 (E.D. Va. 2011) ("The proper inventorship of a claimed invention is highly material to patentability, and misrepresentations regarding inventorship, if true, could easily render a patent unenforceable due to inequitable conduct."). Accordingly, BD's pleading is adequate at this stage of litigation. The Court need not decide whether Gen-Probe's alleged misconduct also constituted "affirmative egregious misconduct."

For the reasons stated above, the court **DENIES** Gen-Probe's motion to dismiss count eight of BD's Amended Counterclaim in Case No. 09-cv-2319 and count five in Case No. 10-cv-0602. The Court also **DENIES** Gen-Probe's motion to strike BD's thirteenth affirmative defense in Case No. 09-cv-2319 and its tenth affirmative defense in Case No. 10-cv-0602.

**IT IS SO ORDERED.**

DATED: October 30, 2012

HON. ROGER T. BENITEZ
United States District Judge